On a reconsideration of this case, we have reached the conclusion that the trial judge erred in refusing, on objection of the state, to entertain the plea of insanity filed by defendant, and to order a trial on the plea according to law.
Article 267 of the Criminal Code declares that whenever a defendant in a criminal prosecution relies on insanity either as a defense or as a reason for not being presently tried the plea must be "filed, tried and disposed of prior to any trial of the plea of not guilty." This declaration means, if it means anything at all, that the only condition attached to the interposition of the plea of insanity to a criminal prosecution is that the plea must be filed and disposed of prior to the entering upon the trial on the merits of the question of the guilt or innocence of the defendant. Other than this, no time is specified in the Code, either on arraignment or otherwise, at which the defendant must file his plea of insanity.
Under article 261 of the Criminal Code, insanity is one of the pleas an accused is expressly authorized to make. This defense, therefore, ought not be denied him, especially in a capital case, if it is set up within the time fixed by the statute, on the ground that it comes too late after a plea of not guilty has been made. The plea of insanity under the codal articles is a matter of right and not of grace. *Page 627 
In the case before us, the defendant was arraigned on January 10, 1930, and when he was called for trial thirteen days later, namely, on January 23, 1930, defendant tendered his plea of insanity. In these circumstances it cannot be said that defendant was guilty of any undue delay in filing the plea after his arraignment. And, in any event, the plea was tendered, and should have been disposed of prior to the trial on the plea of not guilty.
The fact that after the filing of a motion for a new trial, defendant acquiesced in the offer of the district attorney that he be examined by a lunacy commission to be appointed by the court, and that the report of the commission finding him sane was filed without any objection on his part, cannot prejudice defendant's right to a trial by jury on his plea of insanity. The record shows (bill of exception No. 7) that defendant was sentenced despite the demand of his counsel that he be tried by a jury as to his sanity. But even if he had made no such objection, his acquiescence in the appointment of the lunacy commission and his failure to object to the filing of the commission's report could not constitute a waiver of his right to a trial by jury as to his alleged insanity. The case being a capital one was necessarily triable by a jury. Crim. Code, art. 259. The defendant could not waive the trial by jury of his plea of insanity. Crim. Code, art. 260.
It follows, from what we have hereinabove said, that it is not necessary for us to pass upon the constitutionality vel non of articles 267 to 273, inclusive, raised alternatively by the defendant in the assignment of errors which he has filed in this court pending the rehearing in the case.
For the reasons assigned, the conviction and sentence appealed from are annulled, and *Page 628 
this case is remanded to the district court for a new trial according to law. The right of the appellee to ask for a rehearing is reserved.